The opinion of the Court was delivered by
WakdIíáw, J.
The attachment was served after the return day of Spring Term, 1854, and so was returnable in October. At the time when each garnishee was served with a copy, he was indebted to the absent debtor, and was endorser of a note made for the accommodation of the absent debtor, on which he might become liable to pay a sum much larger than his indebtedness. The notes were not then due, but would have become due before the return day of the attachment. After the service of the attachment, and before the notes respectively became due, each garnishee paid the note on which he was endorser, and subsequently, by his return, claimed to be creditor in possession, entitled, under the sixth section of the Attachment Act of 1744, 3 Stat. 619, to retain the sum which, at the service of the attachment, he owed the absent debtor. This claim was rejected, and the appeal presents the question of its validity.
An accommodation endorser has, in that character merely, no lien, general or specific, upon goods or funds in his hands, which belong to the person accommodated. There is in this case no pledge, nor other special property, nor right of factor- or agent to be looked to; and whilst it is admitted that there may be a lien where there is a mere liability without present indebtedness, as there may be security against liabilities incurred and to be incurred, it is unnecessary to consider any such peculiar rights as in the case of the Bank vs. Levy, 1 McMul. 431, guarded the garnishee against the ordinary effect of an attachment.
*540 Where a bond .made by a debtor of the absent debtor is in the bands of a third person, and belongs to the absent debtor, there may be an attachment of such bond before the day fixed for its payment; and there may be process against a garnishee for any money due by him to the absent debtor before the process, although it was not due at the service of the attachment: a garnishee is bound to return everything in his hands belonging to the absent debtor, which he had at the time the attachment was served, or which came to his hands at any time afterwards up to the time of his return, the return being considered equivalent to plea pleaded, under the custom of London. (Smith vs. Posey, 2 Hill, 474.) Whatever may be attached may be retained by a creditor in possession, in payment of his debt. (Mitchell vs. Byrne, 6 Rich. 186.) Prom these propositions it is argued, that mutuality requires that a bond of the absent debtor, not yet payable, should be considered a debt: and that the time for fixing the balance between the garnishee and absent debtor must be the return, provided that only’ liabilities which existed at the time of attachment, and which matured subsequently before the return, shall be considered.
Our Act of 1839 (11 Stat. 62), which, by permitting bail to be required in anticipation, gives a remedy in certain cases of debt not yet due, recognizes what is familiar to the common law, debitum in presentí solvendum in futuro: and when a case shall arise where a garnishee had in his hands, at the service of the attachment, a bond or note of the absent debtor, payable absolutely to himself, which, though not then due, became due before the return, it will be considered whether such garnishee cannot retain, for satisfaction of that bond or note, a debt which he owed the absent debtor at the time of the service. As to goods and monies which came to the hands of the garnishee, after the service of the attachment, and after the bond of the absent debtor had become due to him, the right of the attachment could not have existed one *541 instant before tbe right of tbe garnishee as creditor in possession, and tbe latter right might well be supposed to have that priority, which the sixth section of the Attachment Act gives to it, where the two attach at the .same moment and co-exist. But neither of these cases is now before us.
Our case, considered in the light most favorable to the garnishees, is one where there was, at the service of the attachment, no present debt payable at a future day, but only a present liability, which was contingent and conditional, so that it might or might not have become fixed afterwards. 'The attachment, when served, fastened its lien upon the goods and monies in the hands of the garnishees: and that lien cannot be removed by a contingency subsequently happening, or by a condition subsequently performed, least of all by a voluntary act of a garnishee or an arrangement between a garnishee and the absent debtor, (which two means, last mentioned, suggest the views that might be taken of the case most unfavorable to the garnishees.) The Attachment Act may halve been intended, not to abridge, but to advance the rights of creditors in possession: wherever a creditor might set up a discount against an action ex contractu of the absent debtor, commenced at the time the attachment was served, the right to retain as creditor in possession may be given by the Act, and the right may even go beyond the rules which limit discounts; but in general, the attaching creditor acquires the rights of the absent debtor, existing at the moment of attachment, and if an equity of a creditor garnishee can avail to cause reference to the return, it can only be by reason of something which, at the moment of attachment, existed in such form as required nothing but the efflux of time to make it, before the return, an actionable demand of such garnishee against the absent debtor, the present value of which could at that moment have been estimated merely by discounting the interest.
The point in this case was ruled in Yongue vs. Luten, 6 *542 Rich. 275, with expressions which are adverse to all claims of a garnishee to retain by virtue of anything short of an actual bona fide, debt of the absent debtor, upon which the garnishee might have sued at the time the attachment was lodged: but in that case the garnishee’s return made no mention of his liability, and the liability was, by the act of the garnishee, turned into a demand against the absent debtor, perhaps after the return, certainly after surrender of the property without claim. The ruling has not, therefore, been deemed decisive of this case.
A case of Taylor vs. Gardner, garnishee of Lees, is reported ■in Sergeant on Attachment, p. 103, from the MSS. of Mr. Wallace, which was decided in the Circuit Court of the United States in 1811, by Judge Washington. There the garnishee was endorser of bills, which had been accepted by the absent debtor, and had been protested for non-payment before the attachment; but although payment was made by the garnishee before his return, inasmuch as it was made after the attachment, the ruling was, that the attachment bound the effects just-as it would have done if no payment at all had been made. The Pennsylvania Attachment Act, under which that case was decided, was, as to the rights of creditors in possession and other provisions affecting the case we are considering, similar to our Act. Whether we should go to the full extent of the positions maintained in that case with which Yongue vs. Luten is conformable, may be matter for future inquiry; to the extent of excluding the rights set iq3 by the garnishees now before us, the majority of the Court goes without hesitation.
The motion is dismissed.
WITHERS and WhitNER, JJ., concurred.

Motion dismissed.